# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ANITA L. STAVER, SCOTT BLAUE, CESERY L. BULLARD, TERRY COVERT, DARYLAINE HERNANDEZ, TIMMY MCCLAIN, STEPHANIE PAPOULIS, SHANNON KEITH TURNER, individually, and on behalf of all others similarly situated; and MICHAEL M. O'BRIEN, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN BAR ASSOCIATION, <br><br> Defendant. | Case No. 6:01-CV-873-ORL-31-KRS <br><br> Judge Gregory A. Presnell <br><br> Magistrate Judge Karla R. Spaulding |

## DEFENDANT AMERICAN BAR ASSOCIATION'S
## MOTION TO STRIKE AFFIDAVITS OF JOHN S. ELSON,
## DONNA K. WILKONSON AND MARY ANN MORGAN
## AND INCORPORATED MEMORANDUM OF LAW

Defendant American Bar Association ("ABA"), pursuant to Rule 7(b), Federal Rules of Civil Procedure, and Local Rule 3.01, moves to strike as untimely the Affidavits of John S. Elson, Donna K. Wilkonson and Mary Ann Morgan. In disregard of the schedule set by this Court, and without seeking leave of Court, plaintiffs have recently filed a series of affidavits and evidentiary materials in support of their Motion for a Preliminary Injunction, culminating with a brand-new purported "expert opinion" affidavit that plaintiffs served on the ABA after the close of business yesterday, just four business days before the scheduled preliminary injunction hearing next Wednesday, September 12. The ABA has not had an

adequate opportunity to respond to these affidavits, and the ABA respectfully requests that the Court either strike them from consideration at the September 12 hearing or, in the alternative, continue the hearing to a date that will give the ABA a reasonable opportunity to respond to this new evidence. In support of its Motion, the ABA states as follows:

1. On July 24, 2001, plaintiffs filed their Complaint together with a Motion for Declaratory, Preliminary, and Permanent Relief, a lengthy supporting Memorandum, and eight Affidavits. The next day, this Court entered an Order providing that the ABA should file its memorandum in opposition to the Motion for Preliminary Injunction and any supporting affidavits by August 21, 2001, and scheduling the hearing on plaintiffs' Motion for August 24, 2001. Subsequently, on the ABA's motion, the Court entered an order rescheduling the hearing for Wednesday, September 12, and providing that the ABA's response should be filed by August 31.

2. Neither of the two scheduling orders entered by this Court gave leave for plaintiffs to submit any additional materials in support of their Motion For Preliminary Injunction, nor did plaintiffs at any time seek leave of Court to file any additional supporting materials. Instead, based on the fact that plaintiffs already had filed a Motion for Preliminary Injunction, a lengthy supporting Memorandum, and eight Affidavits, the Court set a briefing schedule for the ABA to respond in advance of the scheduled hearing date so that the Court and the parties would have sufficient time to prepare for and conduct the hearing.

3. On August 31, 2001, pursuant to the Court's August 7 order, the ABA filed its Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and the supporting Declarations of John Sebert, Darryl DePriest, and Marina Jacks. The hearing on

plaintiffs' Motion for Preliminary Injunction is set for next Wednesday, September 12, four business days from today.

4. In contradiction of the Court's scheduling orders, plaintiffs have continued to submit new affidavits to support their motion. Yesterday, on September 5, 2001, after the close of business, plaintiffs faxed to the ABA's counsel a twelve-page affidavit from Professor John S. Elson, which purports to offer expert opinion testimony in support of plaintiffs' allegations. Previously, on August 24 and 16 respectively, plaintiffs filed new affidavits from Donna Wilkonson, an employee of the Southern Association of Colleges and Schools ("SACS"), and Mary Ann Morgan, an attorney, in support of plaintiffs' Motion for Preliminary Injunction.

5. Although the Court's Orders imposed an August 31 date for the ABA to file its responsive papers, plaintiffs apparently believe that they can supplement the record at any time, including up to the date of the hearing. However, none of the issues addressed in the Elson, Wilkonson or Morgan Affidavits are based on new evidence that was not available to plaintiffs at the time they filed their injunction papers on July 24. There is no reason why plaintiffs could not have submitted these newly-filed affidavits with their other papers on July 24, so that the ABA could have had an adequate opportunity to respond to them within the parameters of the Court's scheduling Order.

6. The ABA objects to plaintiffs' last-minute attempts to file affidavits that inject new material into the record on plaintiffs' Motion for Preliminary Injunction inconsistent with the Court's orders. The briefing schedule set by the Court provided an orderly time frame for the ABA to respond to plaintiffs' original Motion, Memorandum and eight

3

Affidavits. The plaintiffs' late filings of new affidavits, culminating in a new "expert" opinion affidavit filed last night, are unfair and have deprived the ABA of an adequate opportunity to respond. The ABA therefore respectfully requests that the Court strike the Elson, Wilkonson and Morgan affidavits as untimely and not consider them at the September 12 hearing. In the alternative, the ABA requests that the Court continue the hearing on plaintiffs' Motion for Preliminary Injunction to a future date and grant the ABA a reasonable opportunity to submit responses to each of these new affidavits.

7.   The ABA's main point of contention will be that plaintiffs' late-filed affidavits have no relevance to the legal issues before the Court. For example, Mr. Elson does not claim to have any personal knowledge of the Barry applications, and he bases his opinions almost entirely on the internal reports and Council decision (reached without dissent) arising from Barry's most recent accreditation application (which already are before the Court and available for the Court's own independent assessment). Mr. Elson has never served on the Council, and he does not purport to have any personal knowledge of the workings of the Council or the process by which it reviews the Accreditation Committee's recommendations. In the end, Mr. Elson says no more than that he would have weighed the facts differently than the Council, and would have come to a different conclusion than the Council. This opinion, however, is no way supports plaintiffs' antitrust claims, or makes the

Council's decision illegal. These are some of the deficiencies in Mr. Elson's affidavit, which the ABA will address in detail if the Court provides the ABA an opportunity to respond.[1]

### Rule 3.01(g) Certification

8.  The undersigned counsel hereby certifies that he has spoken with counsel for the plaintiffs, Mr. Staver, in a good faith effort to resolve this matter, and the parties were unable to agree upon a resolution of this motion because Mr. Staver opposes the relief requested herein.

WHEREFORE, Defendant American Bar Association respectfully requests that this Court strike the Affidavits of John S. Elson, Donna Wilkonson, and Mary Ann Morgan from consideration at the September 12 preliminary injunction hearing. In the alternative, the ABA requests that the Court continue the hearing to a future date and give the ABA a reasonable opportunity to respond to this new evidence.

---

[1] In addition, Mr. Elson makes some conclusory assertions concerning the antitrust laws and the economic impact of Barry's presence in the marketplace, and yet he provides absolutely no basis to qualify him to render opinions concerning either economics or the antitrust laws. *See* Elson Aff. ¶ 7(vi). This portion of Mr. Elson's affidavit should be stricken for this reason alone.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and Federal Express to *Mathew D. Staver, Esq., Erik W. Stanley, Esq.*, Liberty Counsel, 210 E. Palmetto Avenue, Longwood, FL 32750; and *Larry Crain, Esq.*, Brentwood Law Office, 5214 Maryland Way, Suite 402, Brentwood, TN 37027, this 7th day of September, 2001.

David B. King, Trial Counsel
Florida Bar No. 0093426
Mayanne Downs
Florida Bar No. 754900
Thomas A. Zehnder
Florida Bar No. 0063274
KING, BLACKWELL & DOWNS, P.A.
Post Office Box 1631
Orlando, Florida 32802-1631
Facsimile: (407) 648-0161
Telephone: (407) 422-2472

and

David T. Pritikin, Esquire
Anne E. Rea, Esquire
Michael P. Doss, Esquire
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603
Facsimile: (312) 853-7036
Telephone: (312) 853-7000
Attorneys for Defendant, American Bar Association

CH1 2262530v4