UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
01 SEP 10 AM 11:38
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ANITA L. STAVER, SCOTT BLAUE, CESERY L. BULLARD, TERRY COVERT, DARYLAINE HERNANDEZ, TIMMY MCCLAIN, STEPHANIE PAPOULIS, SHANNON KEITH TURNER, individually, and on behalf of all others similarly situated; MICHAEL M. O'BRIEN, and ARMANDO R. PAYAS, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

AMERICAN BAR ASSOCIATION,

Defendant.

Case No.: 6:01-CV-873-ORL-31-KRS
Judge Gregory A. Presnell
Magistrate Judge Karla R. Spaulding

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVITS OF JOHN S. ELSON, DONNA K. WILKINSON AND MARY ANN MORGAN**

COME NOW the Plaintiffs, by and through their undersigned counsel, pursuant to Fed. Rule Civ. P. 7(b) and Local Rules 3.01 and 4.06, and file this Opposition to Defendant's Motion to Strike Affidavits of John S. Elson, Donna K. Wilkinson and Mary Ann Morgan, and state as follows:

1. The Defendant American Bar Association on September 7, 2001, filed its motion to strike the Plaintiffs' affidavits of John S. Elson, Donna K. Wilkinson and Mary Ann Morgan, or alternatively seeking to continue the hearing to allow the ABA an opportunity to respond to these affidavits.

2. The undersigned informed opposing counsel when contacted about their filing the



80

motion that Plaintiffs did object to the filing of the motion, but did not object to the ABA having the opportunity to file whatever affidavits the ABA deemed appropriate either between now and the hearing or even post-hearing. Plaintiffs believe that rather than striking affidavits or postponing the hearing, it is more reasonable to allow the ABA to file whatever affidavits the ABA deems necessary now or after the hearing.

3. Federal Rule of Civil Procedure 43(e) states that when a motion is based on facts not appearing of record, the court may hear the matter on affidavits. Local Rule 4.06(a)(3) allows a party opposing the application of a preliminary injunction to file counter or opposing affidavits not later than the close of business on the day preceding the day of the hearing. Thus, the ABA has the right to file affidavits up to the date before the hearing pursuant to Local Rule, and Plaintiffs have no objection to the ABA filing affidavits after the hearing if the ABA deems that it needs additional time to file affidavits.

4. Following the filing of the Complaint on June 24, 2001, Plaintiffs filed affidavits of Mary Ann Morgan, Donna K. Wilkinson and John S. Elson. The affidavits of Mary Ann Morgan and Donna K. Wilkinson were filed prior to the time set for the ABA to respond on August 31. The ABA did not seek to file affidavits rebutting the affidavits of Ms. Wilkinson or Attorney Morgan.

5. The affidavit of John S. Elson was filed on September 6, 2001, five days before the hearing. Fax confirmation indicates that the ABA's attorney in Chicago received the affidavit of John Elson prior to the close of business on September 6.

6. Local Rule 4.06(a)(2) permits the filing of affidavits of the moving party up to five days prior to the hearing. Although the affidavit of Professor Elson was filed five days prior to the

hearing, it is acknowledged that, based on the receipt and the time of the hearing, it is not a full five days. The affidavit of Professor Elson could not have been filed earlier since Professor Elson was tied up in litigation and was on vacation. However, rather than strike Professor Elson's affidavit, the ABA can direct its arguments to the weight of the affidavit and can also file a responsive affidavit either before or after the hearing. This is a much more appropriate way to handle the affidavit, rather than to strike the affidavit or to cancel the hearing. The ABA has not shown that it has suffered any prejudice, and has not presented any evidence that it intends to actually rebut the affidavits with expert or other affidavit testimony. Indeed, the ABA did not attempt to rebut the previous affidavits filed before the filing of their papers.

**MEMORANDUM**

Federal Rule of Civil Procedure 43(e) permits a motion to be heard on affidavits. Case law on accepting affidavits is extremely sparse. The undersigned has not been able to locate any case law within the Eleventh Circuit that addresses the precise issue raised herein, other than general statements that the Court may consider affidavits in support of a motion, except for motions for contempt. One federal court for the Northern District of California noted the following:

> The court notes that the submission of affidavits in support of or opposition to a preliminary injunction is both customary and appropriate. ...The weight to be given such evidence is a matter for the court's discretion, upon consideration of the competence, personal knowledge and credibility of the affiant.

*Bracco v. Lackner*, 462 F. Supp. 436, 442 n.3 (N.D. Calif. 1978). Local Rule 4.06(a) provides that a moving party may submit affidavits up to five days prior to the hearing. All of the affidavits in this case were submitted five days prior to the hearing. Plaintiffs acknowledge that Professor John S. Elson's affidavit was submitted five days prior to the hearing, but not five *full days* prior to the

hearing. However, Plaintiffs contend that the best way to address the last affidavit by Professor Elson, and for that matter any affidavit to which the ABA desires to respond, is to permit the ABA to file affidavits up to the day of the hearing or even allow the ABA to file post-hearing affidavits. Local Rule 4.06(a)(3) allows the ABA to file any counter or opposing affidavits by the close of business day on the day prior to the hearing. However, as Plaintiffs have advised the ABA, Plaintiffs do not object to the ABA filing post-hearing affidavits.

Plaintiffs diligently sought to obtain the affidavit of Professor Elson earlier, but were unable to because of Professor Elson's trial and vacation schedule. The filing of Professor Elson's affidavit does not prejudice the ABA, especially since the ABA still has time to file an affidavit, and since the Plaintiffs do not object to a post-hearing affidavit by the ABA.

Plaintiffs therefore request this Court to accept all of the affidavits filed by the Plaintiffs and to allow the ABA to file whatever responsive affidavits the ABA deems necessary, whether that be before or after the hearing. The ABA did not take specific issue with the affidavits of Mary Ann Morgan or Donna Wilkinson, even though the ABA had the opportunity to respond. These affidavits were filed prior to the ABA's August 31 response date. The ABA has not attempted to argue how the affidavits of Wilkinson and Morgan have prejudiced them, and have only argued that Elson's affidavit is irrelevant. The ABA has not attempted to argue that it intends to submit another opposing expert opinion. However, if the ABA desires to do so, the Plaintiffs have no objection.

**WHEREFORE, the Plaintiffs respectfully request this Honorable Court to deny the ABA's Motion to Strike, or alternatively their Motion to Continue the Hearing, and request that this Court instead allow the ABA to file any responsive affidavits the ABA deems necessary.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Facsimile and U.S. Mail, First Class delivery, this 10Th day of September, 2001, to: David Pritikin, Esq., Anne E. Rea, Esq. and Michael P. Doss, Esq., Sidley, Austin, Brown & Wood, Bank One Plaza, 10 South Dearborn Street, Chicago, Illinois 60603; David B. King, Esq., Mayanne Downs, Esq., and Thomas A. Zehnder, Esq., King, Blackwell & Downs, P.A., 25 East Pine Street, Orlando, Florida 32802.

Mathew D. Staver
Florida Bar No. 0701092
Erik W. Stanley
Florida Bar No. 0183504
LIBERTY COUNSEL
210 East Palmetto Avenue
Longwood, FL 32750
(407) 875-2100 - Telephone
(407) 875-0770 - Telefacsimile
Attorneys for Individual and Representative Plaintiffs

Larry Crain
TN Bar No. 9040
BRENTWOOD LAW OFFICE
5214 Maryland Way
Suite 402
Brentwood, TN 37027
(615) 376-2600 - Telephone
(615) 345-6009 - Telefacsimile