FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

01 SEP 19 PM 2: 24

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| ANITA L. STAVER, SCOTT BLAUE, CESERY L. BULLARD, TERRY COVERT, DARYLAINE HERNANDEZ, TIMMY MCCLAIN, STEPHANIE PAPOULIS, SHANNON KEITH TURNER, individually, and on behalf of all others similarly situated; MICHAEL M. O'BRIEN, and ARMANDO R. PAYAS, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>vs. <br><br>AMERICAN BAR ASSOCIATION, <br><br>Defendant. | Case No.: 6:01-CV-873-ORL-31-KRS <br>Judge Gregory A. Presnell <br>Magistrate Judge Karla R. Spaulding |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiffs, by and through their undersigned counsel, and respectfully requests this Honorable Court to grant leave, thereby permitting Plaintiffs to file a Second Amended Complaint, and state as follows:

1. Plaintiffs filed their Complaint in this Court on July 24, 2001. Defendants original answer was due on August 20. However, Plaintiffs consented to Defendant's request to extend the filing of its answer up to and including September 12.

2. On August 28, 2001, Plaintiffs filed an Amended Complaint in which Plaintiffs added another Plaintiff and made other minor additions. On September 5, Plaintiffs consented to

Plaintiffs' Motion for Leave to File Second Amended Complaint - Page 1

86

Defendant's request to extend the filing of its answer for another two weeks, which would occur on or about September 26, 2001.

3. The Defendants have not filed their Answer. The parties have not yet met to prepare the Case Management Report and this Court has not yet issued a Case Management Order. Neither party have engaged in discovery.

4. Plaintiffs seek leave of this Court to file a Second Amended Complaint. This Second Amended Complaint will not change the paragraphs of the Amended Complaint. Changes to the Second Amended Complaint involve the following:

   a. In ¶2, striking through "1367" and replacing it with "1331."

   b. In ¶7, striking through "1331" and changing it to "1367."

   c. In ¶30, adding "who employ or wish to employ graduates of Barry" after the final sentence, so as to limit the intended second proposed Class II to members of the American Bar Association who employ or have employed graduates of Barry.

   d. In ¶31(a), striking through "over 400,000" and instead adding "numerous" before the phrase.

   e. In ¶31(b)(1), adding "and Article 6.1 of the ABA Constitution."

   f. In ¶347, adding "in that Plaintiffs are precluded from practicing law and rendering pro bono legal representation or representation below market value, thus driving Plaintiffs from the legal market and injuring competition by causing increased prices for legal representation" to the end of the sentence of that paragraph.

   g. Adding ¶¶43-47 after ¶42.

  h.  Adding ¶49 after ¶43.

  i.  Adding "and violates Article 6.1 of the ABA Constitution" to ¶45, which is now ¶51.

  j.  Adding "and Article 6.1 of the ABA Constitution" to ¶137, now ¶143.

  k.  Adding ¶¶350-352 after 343.

  l.  Modifying ¶¶344-352, now ¶¶353-366.

  m.  Adding ¶¶391-391 after ¶376.

  n.  Adding the words "Section I" to Count I.

  o.  Deleting ¶¶388 and 407-408.

  p.  Modifying ¶¶383, 389, 390, 392, 394-396(2), 397(6), 399, 400, 404, 406-407.

  q.  Adding "Count III Violation of Sherman Act Section 2" along with three paragraphs.

  r.  Changing Count III to Count IV and Count IV to Count V.

  s.  Adding ¶392.

  t.  Adding ¶445 after ¶427.

  u.  Adding ¶¶447-448.

  v.  Modifying under "Relief Requested" ¶¶C, D(5), E(1) and E(2).

  w.  Adding the Section 2 wherever Section 1 is mentioned.

5. In accordance with Local Rule, the undersigned counsel has conferred with opposing counsel in a good faith effort to resolve the issues raised by this Motion. The most recent discussion with opposing counsel occurred on September 14, at which time the undersigned was advised that counsel

Plaintiffs' Motion for Leave to File Second Amended Complaint - Page 3

would have to consult with the client and other ABA counsel. As of September 19, the undersigned has received no response and does not know whether the ABA consents or objects to this Motion for Leave for File a Second Amended Complaint.

## MEMORANDUM

Federal Rule of Civil Procedure 15 states that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Id.* at 1163 (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint.

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999). The Eleventh Circuit noted the following with respect to Rule 15(a):

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1994).

"District Courts have only limited discretion to deny a party leave to amend the pleading. Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial countervailing reasons." *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1110 (11th Cir. 1996) (*citing Espey*, 734 F.2d at 748 and *Dussouy*, 660 F.2d at 594). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id.*

In the case *sub judice*, there are no reasons to deny Plaintiff's Motion for Leave to Amend the Complaint. This case was filed on July 24, 2001. There has been no undue delay in amending the Complaint. The Defendant has not filed an Answer. Although the parties were scheduled to meet in person for a Case Management Meeting on September 12, that meeting was delayed due to the terrorist activities against the United States. Thus, the parties have not yet met together for a Case Management Conference, have not completed the Case Management Report, and this Court has not yet entered a Case Management

Scheduling Order. The parties have not engaged in any Discovery and therefore amending the Complaint will not require the Defendants to re-file an Answer, will not affect the Case Management Report or the Scheduling Order, and will not affect Discovery as no Discovery has occurred, nor can it occur until the Case Management Conference. Plaintiffs have diligently prosecuted this case and there have been no failures to cure any alleged deficiencies. In short, there is no reason to deny Plaintiff's Request for Leave to Amend their Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, First Class delivery, this __19th__ day of September, 2001, to: David Pritikin, Esq., Anne E. Rea, Esq. and Michael P. Doss, Esq., Sidley, Austin, Brown & Wood, Bank One Plaza, 10 South Dearborn Street, Chicago, Illinois 60603; David B. King, Esq., Mayanne Downs, Esq., and Thomas A. Zehnder, Esq., King, Blackwell & Downs, P.A., 25 East Pine Street, Orlando, Florida 32802.

|  |  |
|---|---|
| Larry Crain | Mathew D. Staver |
| TN Bar No. 9040 | Florida Bar No. 0701092 |
| BRENTWOOD LAW OFFICE | Erik W. Stanley |
| 5214 Maryland Way | Florida Bar No. 0183504 |
| Suite 402 | LIBERTY COUNSEL |
| Brentwood, TN 37027 | 210 East Palmetto Avenue |
| (615) 376-2600 - Telephone | Longwood, FL 32750 |
| (615) 345-6009 - Telefacsimile | (407) 875-2100 - Telephone |
|  | (407) 875-0770 - Telefacsimile |
|  | Attorneys for Individual and Representative Plaintiffs |