**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION**

ANITA L. STAVER, SCOTT BLAUE, CESERY L. BULLARD, TERRY COVERT, DARYLAINE HERNANDEZ, TIMMY MCCLAIN, STEPHANIE PAPOULIS, SHANNON KEITH TURNER, individually, and on behalf of all others similarly situated; and MICHAEL M. O'BRIEN, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

AMERICAN BAR ASSOCIATION,

Defendant.

Case No. 6:01-CV-873-ORL-31-KRS

Judge Gregory A. Presnell

Magistrate Judge Karla R. Spaulding

**DEFENDANT AMERICAN BAR ASSOCIATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant American Bar Association ("ABA"), by its undersigned counsel, opposes Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion") as follows:

**Plaintiffs' Failure to Comply with Local Rule 3.01(g)**

1. This Court should deny the Motion because Plaintiffs failed properly to consult with the ABA before filing their Motion, as required by Local 3.01(g). On September 6, 2001, Plaintiffs' counsel called and informed the undersigned counsel that Plaintiffs wanted to make a few "non-substantive" amendments to the complaint. At the ABA's counsel's request, Plaintiffs' counsel faxed the proposed revisions. *See* September 6, 2001 fax from Mathew Staver to Thomas Zehnder, copy attached as Exhibit A hereto.

87

Plaintiffs' counsel indicated in the fax that Plaintiffs wished to make only six changes to the complaint. At no time before filing their Motion on September 19, 2001 did Plaintiffs or their counsel consult with or even inform the ABA that Plaintiffs intended to include numerous other substantive revisions in the proposed Second Amended Complaint, including an entirely new legal claim (Count III) and new factual allegations. *See* Motion, ¶ 2(g)-(w). By mischaracterizing their proposed amendments as "non-substantive" and then moving for leave to make additional, substantive amendments without consulting with counsel for the ABA, Plaintiffs have violated both the letter and the spirit of the Local Rule 3.01(g).[1]

**Objections to Proposed Second Amended Complaint**

2. The ABA further objects to the substance of Plaintiffs' proposed amendments. Throughout this litigation and the briefing of Plaintiffs' motion for preliminary injunction, Plaintiffs have consistently claimed that Barry students have been injured because they cannot be licensed to practice law in Florida and that potential Barry employers have been injured because they cannot charge higher billing rates for non-licensed Barry graduates. *See, e.g.,* Plaintiffs' Memorandum in Support of Motion for Declaratory, Preliminary and Permanent Relief ("Plaintiffs' Memorandum") at 19-20, 28-29; Complaint ¶¶ 7, 58. The

[1] After receiving Plaintiffs' counsel's September 6 fax, the ABA's counsel responded that he would discuss the proposed amendment with his client but would not be able to do so before the September 12 preliminary injunction hearing. Plaintiffs' counsel did not object and in fact told the ABA's counsel on September 7 that Plaintiffs did not intend to amend the complaint until after the September 12 hearing. Subsequently, the September 12 hearing was postponed, and in a brief conversation on September 14 about amending the complaint, the ABA's counsel said that he would provide a response to Plaintiffs' counsel shortly. Plaintiffs' counsel did not inform the ABA's counsel during that conversation that the contemplated amendments had changed from the September 6 fax. Plaintiffs' counsel also did not wait to receive the ABA's response or call the ABA's counsel before filing the Motion.

central focus of the Plaintiffs' claims has been the supposed inability of Barry students to obtain a law license and the damage that they and potential employers allegedly have incurred as a result. Now, apparently recognizing that their claims are conclusively barred by the Third Circuit's decision in *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026 (3d Cir. 1997), and would not in any event support a mandatory preliminary injunction for the reasons set forth in the ABA's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction ("ABA Memorandum"), Plaintiffs assert for the first time that their injuries are *unrelated* to obtaining a law license. Instead of taking the Florida bar exam and seeking to practice law, Plaintiffs now claim in the Second Amended Complaint that they want to obtain L.L.M. degrees, teach, or pursue "non-licensed job opportunities" including "political aspirations." *See, e.g.,* Second Amended Complaint, ¶¶ 45, 49, 350-53, 356-57, 359-61.

3. Likewise, in apparent recognition that potential employers of Barry students have incurred at most monetary damages that do not warrant a preliminary injunction (*see* ABA Memorandum at 26 n.21), the Second Amended Complaint seeks to allege entirely new purported injuries that these Plaintiffs allegedly incurred "as ABA members" and to delete the references in the prior complaint to lost revenues. *See, e.g.,* Second Amended Complaint ¶¶ 365, 391-92.

4. Not content to rewrite their factual claims, Plaintiffs' proposed Second Amended Complaint also includes a new legal theory alleging violation of Section 2 of the Sherman Act (Count III), and makes numerous other modifications, none of which were

disclosed to counsel for the ABA prior to its receipt of Plaintiffs' Motion. *See* Motion ¶ 2(g)-(w).

5. Plaintiffs' new factual and legal theories lack merit and cannot remedy the defects in their case. Significantly, Plaintiffs have not submitted any evidence to support their new claims that they all want to pursue L.L.M. degrees, teach, or go into politics instead of practicing law. Indeed, such claims are completely inconsistent with the affidavits Plaintiffs filed in support of their motion for preliminary injunction, which stated that Plaintiffs want to be employed as attorneys. *See, e.g.,* Staver Aff. ¶ 17; Blaue Aff. ¶ 16; Bullard Aff. ¶ 11; Hernandez Aff. ¶ 11. Plaintiffs' proposed Second Amended Complaint is nothing but a last-ditch attempt to circumvent the obvious legal defects of their claims that the ABA spelled out in detail in its Memorandum.

6. Even if there were any conceivable merit to Plaintiffs' new arguments, it would be fundamentally unfair to allow Plaintiffs to change position at this stage in the case, just before the hearing on their motion for preliminary injunction. Plaintiffs filed their motion for preliminary injunction based on the allegations of the original complaint. Pursuant to the schedule set by the Court, the parties briefed the motion for preliminary injunction and prepared for the hearing on this basis. The Court has ordered that no further papers be filed relating to the motion, other than the ABA's response due on October 5. *See* September 19, 2001 Order. It is time for Plaintiffs' "moving target" approach of submitting last-minute affidavits and new factual and legal claims to stop. The hearing should proceed based on the facts and legal theories as they were briefed.

WHEREFORE, Defendant American Bar Association respectfully requests that this Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and United States mail to *Mathew D. Staver, Esq.*, *Erik W. Stanley, Esq.*, Liberty Counsel, 210 E. Palmetto Avenue, Longwood, FL 32750; and *Larry Crain, Esq.*, Brentwood Law Office, 5214 Maryland Way, Suite 402, Brentwood, TN 37027, this 21st day of September, 2001.

David B. King, Trial Counsel
Florida Bar No. 0093426
Mayanne Downs
Florida Bar No. 754900
Thomas A. Zehnder
Florida Bar No. 0063274
KING, BLACKWELL & DOWNS, P.A.
Post Office Box 1631
Orlando, Florida 32802-1631
Facsimile: (407) 648-0161
Telephone: (407) 422-2472

and

David T. Pritikin, Esquire
Anne E. Rea, Esquire
Michael P. Doss, Esquire
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603
Facsimile: (312) 853-7036
Telephone: (312) 853-7000
Attorneys for Defendant, American Bar Association



*An Ally of the Alliance Defense Fund*

Post Office Box 540774
Orlando, Florida 32854
(407) 875-2100 Telephone

http://www.lc.org
liberty@lc.org
(407) 875-0770 Fax

If there is a problem with transmission or if all pages are not received, please call for retransmission.

**TO:** Tom Zehnder, Esq.

FAX #: 407-648-0161, 1-18

COMPANY: King, Blackwell & Downs, P.A.

FROM: Lynette Campbell FOR Mat Staver

DATE: September 06, 2001

RE: Staver vs. ABA

Number of pages including this cover page: 6

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

Comments:



# Liberty Counsel

210 East Palmetto Avenue
Longwood, Florida 32750
(407) 875-2100 Telephone

http://www.lc.org
liberty@lc.org
(407) 875-0770 Fax

**VIA FACSIMILE**

September 06, 2001

Tom Zehnder, Esq.
King, Blackwell & Downs, P.A.
25 E Pine St
Orlando, FL 32802

Re: Staver, Anita L. et.al v. American Bar Association
Ref. No: 1-18
Case No: 6:01-CV-873-ORL-31-KRS

Dear Tom:

Attached with this fax are the pages that I would like to amend. The amendments will not change the paragraphs. You may not notice it but in paragraph 351 I have deleted the word "in" and added a "t" to the word stigma in paragraph 352. The strike-throughs are deletions and the shaded areas are additions. Please let me know as soon as possible whether you consent to me filing a Second Amended Complaint.

Sincerely,

Mathew D. Staver

MDS/lkc

Defendant, the AMERICAN BAR ASSOCIATION, (hereafter "ABA"), and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of Section 1 of the Sherman Act (15 U.S.C. § 1 *et. seq.*), the Florida Antitrust Act of 1980, and Section 108.40 of the General Not for Profit Corporation Act of 1986 (805 Ill. Comp. Stat. Ann. 105/101.01 *et seq.* (West 2001)) (hereafter "Illinois Not for Profit Act"). An actual controversy exists between the parties, in that the challenged actions of the ABA have caused and will continue to cause Plaintiffs substantial harm unless the requested relief is granted. Plaintiffs further pray for treble damages under 15 U.S.C. § 15.

## JURISDICTION AND VENUE

1. The Plaintiffs bring this class action against the ABA pursuant to15 U.S.C. §§ 15, 26, and Section 542.21 of the Florida Statutes, for treble damages and injunctive relief as a result of violations by the ABA of the Sherman Act and the Florida Antitrust Act, and pursuant to 805 Ill. Comp. Stat. 105/101.01 *et seq.*

2. Exclusive jurisdiction exists in this Court over the federal claims herein pursuant to the 15 U.S.C. § 4 and 28 U.S.C. § ~~1367~~ 1331.

3. Venue is proper in this Court pursuant to 15 U.S.C. § 22, and 28 U.S.C. § 1391, in that the ABA transacts business and is found in Orlando, Florida through its accrediting and other business activities.

4. This Court is authorized to issue the Injunctive Relief requested by Plaintiff under Rule 65 of the Federal Rules of Procedure and pursuant to 15 U.S.C. § 26 and Section 542.23 of the Florida Statutes.

5. This Court is authorized to award damages, including a reasonable attorney's fee under 15 U.S.C. § 15 and Fla. Stat. Ann. § 542.22.

6. This Court has subject matter jurisdiction under 15 U.S.C. § 4 to prevent and restrain violations by the ABA of Section 1 of the Sherman Act.

7. This Court has jurisdiction of any and all state law claims by virtue of 28 U.S.C. §~~1331~~ 1367.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000.00.

9. The ABA is headquartered in Chicago, Illinois, and transacts business and is found within the State of Florida. Representative Plaintiffs are students or graduates of Barry University School of Law (hereafter "Barry") located in Orlando, Florida, or were former students of Barry that have withdrawn until Barry receives accreditation.

10. Representative Plaintiff O'Brien is an ABA member and a resident of Orange County, Florida.

## PARTIES

11. Defendant, the ABA is a national association of lawyers. It is the world's largest professional trade association.

12. The ABA is organized as an Illinois not for profit corporation with its principal place of business in Chicago, Illinois.

13. The ABA's major functions are to "provide law school accreditation, continuing legal education, information about the law, programs to assist lawyers and judges in their work, and initiatives to improve the legal system for the public." *See* http://www.abanet.org/about/home.html.

14. The ABA sends Site Teams to visit law schools throughout the United States and in the state of Florida and performs other accrediting activities within all the states, including Florida.

15. Representative Plaintiffs reside in Florida, but some members of the Class reside outside

30. Plaintiffs bring this class action on behalf of themselves and all others similarly situated, as members of a proposed plaintiff class pursuant to Rule 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure. The first proposed plaintiff class ("Class I") is composed of and is defined as all persons who have graduated from Barry, or who are currently enrolled as students at Barry. The second proposed plaintiff class ("Class II") is composed of and is defined as all attorneys who have employed graduates of Barry. The second proposed plaintiff class ("Class II") is also composed of and is defined as all attorneys who are members of the American Bar Association who employ or have employed graduates of Barry.

31. This class action has been brought and may properly be maintained as a class action satisfying the numerosity, commonality, typicality, adequacy, superiority, and impairment requirements because:

(a) There are over 400 members of Class I residing in various parts of the United States and they are so numerous that their individual joinder would be impractical. There are numerous ~~over 400,000~~ members of Class II residing in various parts of the United States and they are so numerous that their individual joinder would be impractical.

(b) Common questions of law and fact that exist as to all members of Class I and Class II predominate over any questions that only affect individual Class members. These questions of law and fact include without limitation:

(1) whether Rule 6(b)(4) of the ABA's Rules of Procedure for the Approval of Law Schools, and Article I, section 2(b), Article IV, section (b) and Article X of the Section Bylaws, which give the Council of the Section of Legal Education and Bar Admission (which was created by the ABA as an advisory body) final authority over accreditation decisions, violates the Illinois Not for Profit Act;

(2) whether the ABA violated Section 1 of the Sherman Act and the Florida Antitrust Act of 1980, by denying accreditation to Barry University School of Law because of the ABA's intent to prevent competition to state-sponsored law schools, at least one of which is to be located in Orlando;

347. The legal market for the Plaintiffs is both national and within the Central Florida region. Most of the Plaintiffs reside in Central Florida and desire to practice law in Central Florida and throughout the state of Florida. Other members of the Class reside outside the state of Florida and desire to practice law outside of the state. The ABA controls and dominates both markets, and the ABA's refusal to accredit Barry has affected both in state and out-of state markets in that Plaintiffs are precluded from practicing law and rendering pro bono legal representation or representation below market value, thus driving Plaintiffs from the legal market and injuring competition by causing increased prices for legal representation.

348. The product within these markets is law students of Barry who are able to sit for and receive the results of the bar examinations, and thereafter become licensed as attorneys.

349. The ABA's actions have caused direct injury to both classes of Plaintiffs. Without the approval of the ABA, Plaintiffs in Class I will never be able to become licensed attorneys and Plaintiffs in Class II will never be able to employ Plaintiffs in Class I as licensed attorneys.

350. The injury to Plaintiffs is irreparable if the ABA continues to unreasonably withhold accreditation of Barry and does not grant provisional approval of Barry in the immediate future.

351. Plaintiffs in have suffered significant monetary damages, and will continue to suffer more damages, if this Court does not intervene.

352. The ABA's private action in the unreasonable denial of Barry, despite Barry's meeting the ABA Standards, has caused each of the Class I Plaintiffs to suffer a stigma. Many of the Class I Plaintiffs have already experienced the effects of this stigma when attempting to find jobs as law clerks. This stigma caused by the ABA will follow these students into their professional careers. Those unaware that Barry has objectively met the ABA standards will assume that Barry offers an inferior education. This stigma means fewer job opportunities and lower salaries. This stigma is separate and independent from the ability to be licensed attorneys.