# Liberty Counsel

210 East Palmetto Avenue
Longwood, Florida 32750
(407) 875-2100 Telephone

http://www.lc.org
liberty@lc.org
(407) 875-0770 Fax

September 25, 2001

Clerk of the Court
U.S. District Court, Middle District of Florida, Orlando Division
Suite 300
80 N Hughey Ave
Orlando, FL 32801-2278

      Re:    Staver, Anita L. et.al v. American Bar
              Association
              Ref. No: 1-18
              Case No: 6:01-CV-873-ORL-31-KRS

Dear Clerk of the Court:

      Please find enclosed the Supplemental Authority of *Domke v. McNeil - P.P.C., Inc.*, 939 F. Supp. 849 (M.D. Fla. 1996), which is relevant to the Motion for Leave to File Second Amended Complaint, specifically Local Rule 3.01(g).

      A copy of the enclosed case has been furnished to all parties.

Sincerely,

Mathew D. Staver

MDS:clm
Enclosure
cc: David Pritikin, Esq.
    David B. King, Esq.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

939 F.Supp. 849
(Cite as: 939 F.Supp. 849)
<KeyCite History>

United States District Court,
M.D. Florida,

Tampa Division.

Rose DOMKE, Personal Representative of the Estate
of Russell F. Domke,
Deceased, Plaintiff,
v.
McNEIL-P.P.C., INC., Defendant.

No. 95-382-T-CIV-17A.

Sept. 26, 1996.

In negligence, strict liability, breach of express warranty, breach of implied warranty, and misrepresentation action against acetaminophen manufacturer, alleging that defendant falsely informed pharmacists and hospitals that there was no link between liver damage and casual alcohol consumption combined with acetaminophen, and that defendant did not convey to consumers risk of liver damage arising from alcohol/acetaminophen interaction, plaintiff moved for leave to amend complaint to add claim for punitive damages. The District Court, Kovachevich, J., held that: (1) plaintiff's motion was timely; (2) plaintiff's noncompliance with local rule requiring her to confer with defendant before moving for leave to amend did not require denial of motion; and (3) plaintiff provided reasonable showing of basis for punitive damages claim under Florida law.

Motion granted.

West Headnotes

[1] Federal Civil Procedure k824
170Ak824

[1] Federal Civil Procedure k834
170Ak834

[1] Federal Civil Procedure k851
170Ak851

In ruling on motion for leave to amend pleadings, court can consider such factors as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

[2] Federal Civil Procedure k824
170Ak824

Despite local rule that disfavors motion to amend any pleading after entry of case management and scheduling order, court may refuse to permit amendment only if delay is characterized as "undue." Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.; U.S.Dist.Ct.Rules M.D.Fla., Local Rule 3.05(c)(2)(E).

[3] Federal Civil Procedure k840
170Ak840

[3] Federal Civil Procedure k843
170Ak843

Products liability plaintiff's motion for leave to amend complaint to assert claim for punitive damages was timely, even though it was served on last day for filing dispositive motions, and almost one year following entry of case management scheduling order; by adding claim for punitive damages, plaintiff did not propose new suit, nor did she rely on different set of facts, and there was no evidence of dilatory motive by plaintiff in filing that motion. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.; U.S.Dist.Ct.Rules M.D.Fla., Local Rule 3.05(c)(2)(E).

[4] Federal Civil Procedure k839.1
170Ak839.1

Plaintiff's noncompliance with local rule that requires moving party to confer with opponent in good faith effort to resolve issues raised by motion for leave to amend did not require denial of plaintiff's motion, as it was clear by defendant's subsequent opposition that there would have been no agreement or resolution of that motion. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.; U.S.Dist.Ct.Rules M.D.Fla., Local Rule 3.01(g).

[5] Federal Civil Procedure k851
170Ak851

Court has discretion to deny motion for leave to amend pleadings if permitting amendment would be futile. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

[6] Damages k151
115k151

Demand for punitive damages under Florida law is premature without showing of evidentiary basis in record. West's F.S.A. § 768.72.

[7] Damages k91(1)
115k91(1)

[7] Damages k91(3)
115k91(3)

Punitive damages are appropriate under Florida law when defendant's conduct is fraudulent, deliberately violent or oppressive, malicious, or committed with such gross negligence as to indicate wanton disregard for rights of others. West's F.S.A. § 768.72.

[8] Damages k91(1)
115k91(1)

For purposes of punitive damages claim under Florida law, requisite evil intent may be inferred from defendant's having pursued course of action in wanton disregard of consequences. West's F.S.A. § 768.72.

[9] Damages k91(1)
115k91(1)

Punitive damages may be imposed under Florida law when defendant knows of defect but chooses not to remedy dangerous condition. West's F.S.A. § 768.72.

[10] Drugs and Narcotics k20.1
138k20.1

[10] Sales k442(1)
343k442(1)

Plaintiff provided reasonable basis for punitive damages claim under Florida law in negligence, strict liability, breach of express warranty, breach of implied warranty, and misrepresentation action against acetaminophen manufacturer; plaintiff alleged that defendant had actual knowledge of alcohol/acetaminophen problem, that defendant's intent was to "muddy the waters" in event of publicity, that defendant sent letter to pharmacists and hospitals stating that there was no link between liver damage and casual alcohol consumption combined with acetaminophen, and that defendant did not convey to consumers risk of liver damage arising from alcohol/acetaminophen interaction. West's F.S.A. § 768.72.

*851 Barry A. Cohen, Barry A. Cohen, P.A., Tampa, FL, for plaintiff.

David R. Tyrrell, Hill, Ward & Henderson, P.A., Tampa, FL, Jane A. Rue, Robert W. Sparks, Ann F. Vinci, Daniel L. Russo, Jr., Jones, Day, Reavis & Pogue, P.A., New York City, for defendant.

*ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A CLAIM FOR PUNITIVE DAMAGES*

KOVACHEVICH, District Judge.

This cause comes before the Court on Plaintiff ROSE DOMKE's Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages filed July 1, 1996, and Defendant McNEIL-P.P.C., INC.'s Memorandum in Opposition filed July 15, 1996.

On March 10, 1995, Plaintiff filed her complaint in state court seeking recovery based upon allegations

of: Negligence, Strict Liability, Breach of Express Warranty, Breach of Implied Warranty, and Misrepresentation (Docket No. 2). Plaintiff requested judgment against Defendant for damages, costs, and further relief as this Court deems proper. Plaintiff did not request punitive damages in her complaint. On March 14, 1995, this Court signed an order on removal to this Court (Docket No. 4). On July 1, 1996, Plaintiff filed a Motion for Leave to Amend to Add a Claim for Punitive Damages against Defendant.

[1] The Federal Rules of Civil Procedure govern the amendment of pleadings. In particular, Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The Supreme Court, in *Foman v. Davis*, has dictated that "this mandate is to be heeded." *Id.*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Court can consider several factors in exercising its discretion such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment ..." *Marcus v. Carrasquillo*, 782 F.Supp. 593 (M.D.Fla.1992) [quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ] (emphasis added).

[2][3] Defendant argues that Plaintiff's motion is untimely because Plaintiff's Motion was served on the last day for filing dispositive motions, July 1, 1996, and almost one year following entry of this Court's Case Management and Scheduling Order. Defendant is correct in stating Local Rule 3.05(c)(2)(E) disfavors a motion to amend any pleading after entry of the Case Management and Scheduling Order. Despite this, the Court may refuse to permit amendment only if the delay is characterized as "undue". *Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed.Cir.1992). By adding a claim for punitive damages, Plaintiff does not propose a new suit, nor does she rely on a different set of facts. Although it finds Plaintiff's motion late forthcoming, this Court does not find Defendant is unduly delayed. Additionally, this Court does not find any dilatory motive by the Plaintiff in filing this motion.

[4] Defendant argues that Plaintiff violated Local Rule 3.01(g) by not conferring with Defendant before filing Plaintiff's Motion for Leave to Amend. In addition, Defendant argues Plaintiff failed to include a statement in her motion certifying that she has conferred with Defendant. Defendant is correct that Local Rule 3.01(g) requires Plaintiff to confer with Defendant in a good faith effort to resolve issues raised by Plaintiff's Motion for Leave to Amend. Defendant is also correct that Plaintiff shall file with her motion a statement certifying that she has conferred with Defendant and that counsel was unable to agree on a resolution of the motion. *See* Local Rule 3.01(g). It is clear by the Defendant's subsequent opposition that there would have been no agreement or resolution of the motion. Therefore, this Court will not deny Plaintiff's motion based on this violation, however, this Court reminds Plaintiff that all Local Rules must be complied with and that Plaintiff shall comply with all Local Rules hereinafter.

Defendant contends that Defendant will be prejudiced if this Court grants Plaintiff's Motion for Leave to Amend. Discovery in this case is complete as of September 30, 1996. **\*852** Even in the event that this Court denied Plaintiff's Motion for Leave to Amend to Add a Claim for Punitive Damages, Plaintiff would still have the opportunity to make this same motion during the trial proceedings. While Defendant obviously opposes Plaintiff's Motion for Leave to Amend, this Court fails to see how Defendant is prejudiced by Plaintiff's motion.

Neither parties dispute that Florida Statute § 768.72 is substantive and must be applied by Federal Courts. *Mahon v. City of Largo, Florida*, 829 F.Supp. 377 (M.D.Fla.1993); *Marcus v. Carrasquillo*, 782 F.Supp. 593 (M.D.Fla.1992); *Lancer Arabians, Inc. v. Beech Aircraft Corp.*, 723 F.Supp. 1444 (M.D.Fla.1989); *Lewis v. Snap-On Tools Corp.*, 708 F.Supp. 1260 (M.D.Fla.1989). Plaintiff must obtain leave of court to amend her complaint before she may assert punitive damages. *Simeon, Inc. v. Cox*, 671 So.2d 158 (Fla.1996). This Court must determine whether there is a reasonable basis for recovery of punitive damages. *Id.* To permit a claim for punitive damages, Florida Statute § 768.72 requires a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."

[5][6] This Court has the discretion to deny Plaintiff's Motion for Leave to Amend if permitting the amendment would be futile. *Mahon v. City of Largo, Florida,* 829 F.Supp. 377 (M.D.Fla.1993). A demand for punitive damages is premature without a showing of an evidentiary basis in the record. *Marcus v. Carrasquillo,* 782 F.Supp. 593 (M.D.Fla.1992). Defendant argues that Plaintiff's allegations, even if true, do not provide a reasonable basis for punitive damages and therefore the motion is futile.

[7][8][9] Punitive damages are appropriate when a defendant's conduct is fraudulent, deliberately violent or oppressive, malicious, or committed with such gross negligence as to indicate a wanton disregard for the rights of others. *W.R. Grace & Co. v. Waters,* 638 So.2d 502 (Fla.1994) [citing *White Contr. Co. v. Dupont,* 455 So.2d 1026, 1028-29 (Fla.1984); *Winn & Lovett Grocery Co. v. Archer,* 126 Fla. 308, 327, 171 So. 214, 221 (1936) ]. The requisite evil intent may be inferred from the defendant's having pursued a course of action in wanton disregard of the consequences. *Johns-Manville Sales Corp. v. Janssens,* 463 So.2d 242, 247 (Fla. 1st DCA 1984). Accordingly, punitive damages may be imposed when the defendant knows of the defect but chooses not to remedy the dangerous condition. *Toyota Motor Co., Ltd. v. Moll,* 438 So.2d 192 (Fla. 4th DCA 1981).

[10] In *Lewis v. Snap-On Tools Corp.,* the plaintiff proffered a jury verdict and various affidavits from a related case from California. *Id.* at 708 F.Supp. 1260 (M.D.Fla.1989). This Court concluded the *Lewis* plaintiff did not make a reasonable showing to provide a reasonable basis for recovery of punitive damages under Florida Statute, Section 768.72. *Id.* at 1262. In the present case, Plaintiff has proffered *Benedi v. McNeil-P.P.C.,* Inc. as factually and legally analogous to the present case. *Id.* at 66 F.3d 1378, 1389 (4th Cir.1995). In addition, Plaintiff proffers various allegations, including that Defendant had actual knowledge of the alcohol/acetaminophen problem, that Defendant's intent was to "muddy the waters" in the event of publicity, that Defendant sent a letter to pharmacists and hospitals stating there was no link between liver damage and casual alcohol consumption combined with acetaminophen, and that Defendant has not conveyed to consumers the risk of liver damage or alcohol/acetaminophen interaction to consumers. In light of these allegations, Plaintiff has provided a reasonable showing for a reasonable basis for a claim for punitive damages under Florida Statute § 768.72. Accordingly, it is

ORDERED that PLAINTIFF's Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages be GRANTED.

END OF DOCUMENT